1  ERIN E. SCHNEIDER (Cal. Bar No. 216114)
   SUSAN F. LaMARCA (Cal. Bar No. 215231)
2    lamarcas@sec.gov
   JOHN P. MOGG (Cal. Bar No. 219875)
3    moggj@sec.gov
   CHRISTINA N. FILIPP (Cal. Bar No. 287919)
4    filippc@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2800
   San Francisco, California 94104
7  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501

8

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13 | SECURITIES AND EXCHANGE COMMISSION,    Case No. 5:19-cv-08207-LHK

14 |            Plaintiff,

15 |     v.                                 ~~[PROPOSED]~~ **FINAL JUDGMENT AS TO DEFENDANT PRASAD MALEMPATI**

16 | JANARDHAN NELLORE, et al.,

17 |            Defendants.

18

19

20      The Securities and Exchange Commission ("SEC") having filed a Complaint, and Defendant

21 Prasad Malempati ("Defendant" or "Malempati") having entered a general appearance; consented to

22 the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

23 this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal

24 from this Final Judgment; and the parties having reached a settlement subject to the Court's

25 approval:

26                                    **I.**

27      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

28 restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $131,817, pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].  Defendant shall make this payment to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

1  and shall be accompanied by a letter identifying the case title, civil action number, and name of this

2  Court; Prasad Malempati as a defendant in this action; and specifying that payment is made pursuant

3  to this Final Judgment.

4       Defendant shall simultaneously transmit photocopies of evidence of payment and case

5  identifying information to the SEC's counsel in this action.  By making this payment, Defendant

6  relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds

7  shall be returned to Defendant.  The SEC shall send the funds paid pursuant to this Final Judgment

8  to the United States Treasury.  Defendant shall pay post judgment interest on any delinquent

9  amounts pursuant to 28 U.S.C. § 1961.

10                                                    **III.**

11       Malempati shall pay the civil penalty of $131,817 in four installments to the SEC according

12  to the following schedule:  (1) $32,954.25, within 14 days of entry of this Final Judgment; (2)

13  $32,954.25 within 180 days of entry of this Final Judgment, (3) $32,954.25 within 270 days of entry

14  of this Final Judgment, and (4) $32,954.25 within 360 days of entry of this Final Judgment.

15  Payments shall be deemed made on the date they are received by the SEC and shall be applied first

16  to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due

17  after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein,

18  Malempati shall contact the staff of the SEC for the amount due for the final payment.

19       If Malempati fails to make any payment by the date agreed and/or in the amount agreed

20  according to the schedule set forth above, all outstanding payments under this Final Judgment,

21  including post-judgment interest, minus any payments made, shall become due and payable

22  immediately at the discretion of the SEC without further application to the Court.

23                                                    **IV.**

24       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

25  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

26  shall comply with all of the undertakings and agreements set forth therein.

27                                                    **V.**

28       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated:  June 15, 2021

_Lucy H. Koh_
Lucy H. Koh
UNITED STATES DISTRICT JUDGE

1  ERIN E. SCHNEIDER (Cal. Bar No. 216114)
   SUSAN F. LaMARCA (Cal. Bar No. 215231)
2   lamarcas@sec.gov
   JOHN P. MOGG (Cal. Bar No. 219875)
3   moggj@sec.gov
   CHRISTINA N. FILIPP (Cal. Bar No. 287919)
4   filippc@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2800
   San Francisco, California 94104
7  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501
8

9

10                     UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13  SECURITIES AND EXCHANGE COMMISSION,    Case No. 5:19-cv-08207-LHK

14          Plaintiff,

15     v.                                  **CONSENT TO FINAL JUDGMENT OF
                                           DEFENDANT PRASAD MALEMPATI**
16  JANARDHAN NELLORE, et al.,

17          Defendants.

18

19

20         1.      The parties, Plaintiff Securities and Exchange Commission ("SEC") and Defendant

21  Prasad Malempati ("Defendant"), have reached a settlement subject to the Court's approval, and

22  Defendant has previously waived service of the summons and the complaint in this action, entered

23  a general appearance, and admitted the Court's jurisdiction over Defendant and over the subject

24  matter of this action.

25         2.      Defendant hereby consents to the entry of the Final Judgment in the form attached

26  hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

27         a.      permanently restrains and enjoins Defendant from violation of Section 10(b) of the

28                 Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5

1                  promulgated thereunder [17 C.F.R. § 240.10b-5]; and

2               b.   orders Defendant to pay a civil monetary penalty in the amount of $131,817,

3                   pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

4        3.       Defendant agrees that he shall not seek or accept, directly or indirectly,

5 reimbursement or indemnification from any source, including but not limited to payment made

6 pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

7 pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

8 are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

9 agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

10 federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

11 Judgment, regardless of whether such penalty amounts or any part thereof are added to a

12 distribution fund or otherwise used for the benefit of investors.

13        4.       Defendant waives the entry of findings of fact and conclusions of law pursuant to

14 Rule 52 of the Federal Rules of Civil Procedure.

15        5.       Defendant waives the right, if any, to a jury trial and to appeal from the entry of the

16 Final Judgment.

17        6.       Defendant enters into this Consent voluntarily and represents that no threats, offers,

18 promises, or inducements of any kind have been made by the Commission or any member, officer,

19 employee, agent, or representative of the Commission to induce Defendant to enter into this

20 Consent.

21        7.       Defendant agrees that this Consent shall be incorporated into the Final Judgment with

22 the same force and effect as if fully set forth therein.

23        8.       Defendant will not oppose the enforcement of the Final Judgment on the ground, if

24 any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

25 waives any objection based thereon.

26        9.       Defendant waives service of the Final Judgment and agrees that entry of the Final

27 Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of

28 its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within

1 thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or
2 declaration stating that Defendant has received and read a copy of the Final Judgment.

3       10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted
4 against Defendant in this civil proceeding.  Defendant acknowledges that no promise or
5 representation has been made by the Commission or any member, officer, employee, agent, or
6 representative of the Commission with regard to any criminal liability that may have arisen or may
7 arise from the facts underlying this action or immunity from any such criminal liability.  Defendant
8 waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the
9 imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's
10 entry of a permanent injunction may have collateral consequences under federal or state law and the
11 rules and regulations of self-regulatory organizations, licensing boards, and other regulatory
12 organizations.  Such collateral consequences include, but are not limited to, a statutory
13 disqualification with respect to membership or participation in, or association with a member of, a
14 self-regulatory organization.  This statutory disqualification has consequences that are separate from
15 any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding
16 before the Commission based on the entry of the injunction in this action, Defendant understands
17 that he shall not be permitted to contest the factual allegations of the complaint in this action.

18       11.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e),
19 which provides in part that it is the Commission's policy "not to permit a defendant or respondent to
20 consent to a judgment or order that imposes a sanction while denying the allegations in the
21 complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial,
22 unless the defendant or respondent states that he neither admits nor denies the allegations."  As part
23 of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take
24 any action or make or permit to be made any public statement denying, directly or indirectly, any
25 allegation in the complaint or creating the impression that the complaint is without factual basis;
26 (ii) will not make or permit to be made any public statement to the effect that Defendant does not
27 admit the allegations of the complaint, or that this Consent contains no admission of the allegations,
28 without also stating that Defendant does not deny the allegations; (iii) upon the filing of this

1 Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any
2 allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set
3 forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint
4 are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other
5 amounts due by Defendant under the Final Judgment or any other judgment, order, consent order,
6 decree or settlement agreement entered in connection with this proceeding, is a debt for the violation
7 by Defendant of the federal securities laws or any regulation or order issued under such laws, as set
8 forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §5 23(a)(19).  If Defendant breaches
9 this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this
10 action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations;
11 or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the
12 Commission is not a party.

13      12.      Defendant hereby waives any rights under the Equal Access to Justice Act, the Small
14 Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from
15 the United States, or any agency, or any official of the United States acting in his or her official
16 capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs
17 expended by Defendant to defend against this action.  For these purposes, Defendant agrees that
18 Defendant is not the prevailing party in this action since the parties have reached a good faith
19 settlement.

20      13.      In connection with this action and any related judicial or administrative proceeding or
21 investigation commenced by the Commission or to which the Commission is a party, Defendant
22 (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff
23 requests upon reasonable notice; (ii) will accept service by mail, by e-mail, or by facsimile
24 transmission of notices or subpoenas issued by the Commission for documents or testimony at
25 depositions, hearings, or trials, or in connection with any related investigation by Commission staff;
26 (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and
27 subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service
28 contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided

1  that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence

2  expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal

3  jurisdiction over Defendant in any United States District Court for purposes of enforcing any such

4  subpoena.

5       14.    Defendant agrees that the Commission may present the Final Judgment to the Court

6  for signature and entry without further notice.

7       15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

8  purpose of enforcing the terms of the Final Judgment.

9

10  Dated:  10-13-2020

                Prasad Malempati

11

12  Approved as to form:

13  Marc R. Greenberg, Esq.

14  Tucker Ellis LLP
515 South Flower Street, 42nd Floor

15  Los Angeles, CA 90071
Telephone: (213) 430-3355

16

17

18

19

20

21

22

23

24

25

26

27

28