UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SIVANNARAYANA BARAMA,<br><br>Defendant. | Case No. 19-cv-08207-RS<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMEMENT** |

I. INTRODUCTION

Janardhan Nellore was an IT administrator employed by Palo Alto Networks, Inc. ("PAN"). The Securities and Exchange Commission ("SEC") brought this action against Nellore and four other individuals, alleged to have been Nellore's friends, asserting the defendants engaged in a scheme over several years to trade illegally in PAN's stock based on advance inside information Nellore obtained regarding the company's earnings results. Judgments have previously been entered in this action against all defendants except Sivannarayana Barama. The SEC now seeks summary judgment against Barama, based on the collateral estoppel effects of a criminal judgment entered against him following a jury trial, arising from the same conduct.

Barama's opposition rests solely on his contention that the criminal judgment was erroneous and should be reversed on appeal. Because the pendency of an appeal does not preclude the application of collateral estoppel, the motion in this case will be granted and judgment will be entered. Enforcement of the monetary aspects of the judgment, however, will be stayed pending

conclusion of the proceedings in the criminal appeal.

## II. BACKGROUND

As noted, the SEC filed this case against Barama, and several other individuals, alleging they engaged in a multi-year, insider trading scheme. In particular, the SEC alleged that from late 2015 through mid-2018, Barama received tips from Nellore to trade in the securities of PAN, based on material nonpublic information that Nellore obtained through his employment about the company's upcoming earnings announcements. See Compl. ¶¶ 23, 28-29, 31, 34-35, 65, 68-70, and Appendix.

At the same time that the SEC filed this action, the court unsealed the superseding indictment in the related criminal case. That case alleged essentially the same inside trading scheme by which Nellore tipped Barama (and the others) to trade ahead of PAN's earnings announcements, from 2015 through 2018. The superseding indictment, like the SEC's civil complaint, describes the coordinated trades made by Nellore, Barama, and the other tippees to take advantage of Nellore's inside information.

Based on the allegations, the superseding indictment charged Barama with one count of conspiracy and attempt to commit securities fraud (in violation of 18 U.S.C. § 1349) and six counts of securities fraud and aiding and abetting (in violation of 18 U.S.C. §§ 1348 and 2). Id. ¶¶ 32-35. At Barama's criminal trial in December of 2022, the government dismissed the last two counts (aiding and abetting), and the jury found Barama guilty on Counts Two through Five (securities fraud), and not guilty on Count One (conspiracy). On August 22, 2023, judgment was entered against Barama in the criminal case, and he was sentenced to 18 months of imprisonment.

The specific transactions involved in the four counts proven at Barama's criminal trial were those he initiated in advance of the four public earnings announcements by PAN: Count Two: November 21, 2016 (first fiscal quarter of 2017); Count Three: February 28, 2017 (second fiscal quarter of 2017); Count Four: May 31, 2017 (third fiscal quarter of 2017); and Count Five: August 31, 2017 (fourth fiscal quarter of 2017). As the basis for its claim that Barama violated

1  Section 10(b) of the Exchange Act and Rule 10b-5, the complaint here alleges his trading in
2  advance of those same, four quarterly earnings announcements by PAN. *See* Compl. Appendix
3  (identifying the above four earnings announcements, among others not relevant to this motion).

## III. LEGAL STANDARDS

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323 (citations and internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which that party bears the burden of proof at trial. *Id*. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material facts, *i.e*., "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986).

IV. DISCUSSION

Under the doctrine of issue preclusion (also referred to as collateral estoppel), an issue of fact or law necessary to a judgment is conclusive against a party in subsequent litigation. *Montana v. United States*, 440 U.S. 147, 153 (1979); *see also, SEC v. Stein*, 906 F.3d 823 (9th Cir. 2018) (conviction for criminal securities law violations under 18 U.S.C. § 1348 precluded relitigation in SEC enforcement action for violations of Exchange Act Section 10(b) and Rule 10b-5, based on same facts). Here, the SEC has shown that the criminal judgment against Barama is based on a sufficiently identical factual basis, and that the other criteria for issue preclusion are satisfied, such that he cannot relitigate liability in this action. Barama does not argue otherwise, or present any argument or evidence to show there is any triable issue of material fact as to the preclusive effect of the criminal judgment. Nor does Barama challenge the SEC's calculation of his liability in restitution or the propriety of injunctive relief.

Barama's opposition boils down to an argument that his conviction in the criminal case was erroneous and will be reversed on appeal, or that, at a minimum, judgment in this case should not enter until that appeal is final. The Ninth Circuit has addressed this issue:

> We have held that a final judgment retains its collateral estoppel effect, if any, while pending appeal . . . This rule creates the potential for a collateral estoppel-based judgment based on a prior judgment that is subsequently vacated or reversed on appeal . . . . Indeed, "in some cases, litigants and the courts have collaborated so ineptly that the second judgment has become conclusive even though it rested solely on a [prior] judgment that was later reversed." . . . In the context of district court litigation, this potential problem can be "avoided, whether by delaying further proceedings in the second action pending conclusion of the appeal in the first action, by a protective appeal in the second action that is held open pending determination of the appeal in the first action, or by a direct action to vacate the second judgment." . . . . Accordingly, we have held that the benefits of giving a judgment preclusive effect pending appeal outweigh any risks of a later reversal of that judgment.

*Collins v. Horton*, 505 F.3d 874, 882-83 (9th Cir. 2007) (citations omitted).

Here, there is no reason to delay entry of the judgment and its injunctive provisions. The proposed judgment submitted by the SEC includes provisions requiring Barama to pay the money identified as disgorgement within 30 days. Without implying there is any likelihood Barama will

prevail on appeal, the SEC's motion for summary judgment is granted, and it proposed judgment will be entered, with a modification that the obligation to pay disgorgement will become effective upon any final disposition of the criminal appeal that does not reverse the criminal judgment.

## V.  CONCLUSION

The SEC's motion for summary judgment is granted. Its proposed judgment will be entered separately, with the modifications described above and other non-substantive changes.

**IT IS SO ORDERED**.

Dated: July 25, 2024

_____
RICHARD SEEBORG
Chief United States District Judge