MONIQUE C. WINKLER (Cal. Bar No. 213031)
  winklerm@sec.gov
SUSAN F. LaMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
JOHN P. MOGG (Cal. Bar No. 219875)
  moggj@sec.gov
CHRISTINA N. FILIPP (Cal. Bar No. 287919)
  filippc@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 19-CV-08207-RS |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANT SIVANNARAYANA BARAMA |
| SIVANNARAYANA BARAMA, | **AS MODIFIED BY THE COURT** |
| Defendant. | Hon. Richard Seeborg, Chief Judge |

Plaintiff Securities and Exchange Commission ("SEC") moved for summary judgment on its claims that Defendant Sivannarayana Barama ("Defendant" or "Barama") violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], based on the preclusive effect of the judgment against Defendant in the related, criminal case, entitled *United States v. Sivannarayana Barama*, No. 19-CR-00463-RS (N.D. Cal.).  Defendant Barama was charged in the related criminal case with

violations of criminal securities fraud under 18 U.S.C. § 1348(2), based on Defendant's use of material nonpublic information provided to him by an insider, former Defendant Janardhan Nellore ("Nellore"), to trade illegally in the securities of Palo Alto Networks, Inc. ("PANW") ahead of four quarterly earnings announcements by the company on November 21, 2016, February 28, 2017, May 31, 2017, and August 31, 2017.  The SEC in this action alleges that Defendant Barama violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by his trading in the securities of PANW on the basis of material nonpublic information provided to him by Nellore, ahead of the same four earnings announcements, and illegally profited in the amount of $6,283,079.  The SEC seeks a judgment against Barama with a permanent injunction, disgorgement, and prejudgment interest.

The Court finds that the record and evidence presented in the criminal case against Defendant Barama precludes relitigation of Defendant's liability here, and the SEC's motion for summary judgment is, therefore, GRANTED, with the relief ordered below:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $6,283,079, representing profits gained as a result of Defendant's illegal trading, together with prejudgment interest thereon in the amount of $2,179,658.  The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles.  Defendant shall satisfy these obligations by paying $8,462,737 to the Securities and Exchange Commission within 30 days of any final disposition of the appeal in the related, criminal case, entitled *United States v. Sivannarayana Barama*, No. 19-CR-00463-RS (N.D. Cal.) that does not effect a reversal of the judgment in that action.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Sivannarayana Barama as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following any final disposition of the appeal in the related, criminal case, entitled *United States v. Sivannarayana Barama*, No. 19-CR-00463-RS (N.D. Cal.) that does not effect a reversal of the judgment in that action.

Post judgment interest on this Final Judgment shall accrue from this date of entry pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated:  July 25, 2024

_____
RICHARD SEEBORG
Chief United States District Judge